UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES BELL, et al,

Plaintiffs,

v.

GRUPO BIMBO, S.A.B. DE C.V., et al,

Defendants.

Case No. 2:15-cv-02410-KJD-GWF

ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (# 19). Plaintiffs filed a response in opposition (# 21) to which Defendants replied (# 23). Plaintiffs also filed a Motion for Leave to File a Supplement (# 40). Good cause being found the Court grants the motion and has considered the Supplement.

**I.    Background**

The present action was commenced by nine separate Plaintiffs. Charles Bell, James Turner, Fernando Mendoza, Andrew Austin, Martin Recillas, collectively referred to as the "Individual Plaintiffs," as well as Bellion Corporation (Bellion), JL Turner Distribution (JLTD), JJF Distributors Corp. (JJF), and Mendozas Distribution (MD), collectively referred to as the "Corporate Plaintiffs." The amended complaint was filed on February 8, 2016.

According to the allegations of the complaint, Individual Plaintiffs desired to enter into distribution agreements (Agreements) with Sara Lee Corporation or subsidiaries of Sara Lee Corporation, collectively referred to as "Sara Lee." Sara Lee required Individual Plaintiffs to create nominal corporations, the Corporate Plaintiffs, to enter into the Agreements. Each Corporate Plaintiff entered into the Agreements, as a party, in or prior to 2012. The Agreements

1  provide Plaintiffs with the rights to purchase, sell and deliver Sara Lee branded bread to third

2  parties, such as grocery and thrift stores, along pre-determined routes. <u>See</u> Compl. ¶ 29-30. Sara

3  Lee worked with Plaintiffs, pursuant to the Agreements, to set prices and establish relationships

4  with stores along Plaintiffs' routes, among other things.

5      Defendants, Grupo Bimbo, S.A.B. DE C.V., Bimbo Bakeries, USA and Bimbo Foods

6  Bakeries Distribution, LLC, collectively known as "Bimbo," acquired Sara Lee in 2012. Bimbo

7  then assumed all the contractual duties of Sara Lee and began working with Plaintiffs to facilitate

8  the sale and delivery of Sara Lee branded bread products. <u>See</u> <u>Id</u>. at ¶ 32-33.

9      Over the course of a few years, Bimbo made changes to the way they interacted with

10 Plaintiffs, including: lowering commission percentages, requiring Plaintiffs to use a "Scan Based

11 Trading" system to track inventory, raising prices on Sara Lee products, and requiring Plaintiffs

12 to work certain hours. <u>See</u> <u>Id</u> at ¶ 46-72. Plaintiffs became unhappy with Bimbo and filed the

13 instant complaint, which includes the following claims: first, breach of contract; second, breach

14 of the implied covenant of good faith and fair dealing; third, violation of the Fair Labor

15 Standards Act; fourth, negligence, and fifth; unjust enrichment. Defendants now move to dismiss

16 all of Plaintiffs' claims.

17

18 **II.    Legal Standard for Dismissal**

19     A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

20 can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and

21 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

22 <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 does not require

23 detailed factual allegations, it demands more than "labels and conclusions or a formulaic

24 recitation of the elements of a cause of action."<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

25 (citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

Additionally, pursuant to Federal Rule of Evidence 201(b), the court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2). Therefore, a court may take judicial notice of documents upon which the Plaintiffs' claims necessarily rely without converting the motion into a motion for summary judgment. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998).

### III.   Analysis

#### A.  Breach of Contract

Defendants move to dismiss Plaintiffs' breach of contract claims on the grounds that Plaintiffs did not plead sufficient facts to state a claim. Plaintiffs allege that Defendants have breached the distribution agreements, one with each Plaintiff. The Agreements have choice of law provisions governed by the laws of Missouri, Pennsylvania, and Illinois. See # 19 Ex. A-E.

#### i.   Missouri

Plaintiff Bellion and Plaintiff JLTD's Agreements with Defendants are subject to Missouri law. See # 19 Ex. A, B at § 12.8. To allege a breach under Missouri contract law, a Plaintiff must allege sufficient facts to show the following elements: (1) the existence and terms of the Agreements with Defendants, (2) that Plaintiffs performed pursuant to the contract, (3) that Defendants breached the contract, and (4) that Plaintiffs suffered damages. Hunt v. Estate of Hunt, 348 S.W.3d 103, 108 (Mo. Ct. App. 2011). Additionally, only parties to a contract can be liable for breach of contract claims. Turner v. Wesslak, 453 S.W.3d 855, 858 (Mo. Ct. App. 2014).

Plaintiffs allege that Bimbo assumed the valid and existing Agreements between Plaintiffs and Sara Lee in 2012 and have since breached the Agreements. Plaintiffs allege that Bimbo failed to comply with material terms of the Agreements such as paying proper commission percentages. Further, Plaintiffs allege that they have performed their duties under the contract and have suffered damages as a result of "Bimbo's" breach, including lost profits and good will. The Court finds that Plaintiffs have not sufficiently plead enough facts to allege the specific terms of the Agreement that Bimbo breached. Further, Plaintiffs have not alleged which specific Defendant is the proper party to the Agreement. Thus, the Court grants Defendants' motion to dismiss in regards to Plaintiff Bellion and Plaintiff JLTD's breach of

4

contract claim, with leave to amend.

### ii. Pennsylvania

Plaintiff JJF's Agreement with Defendants is subject to Pennsylvania law. See # 19 Ex. C at § 13.9. Under Pennsylvania law, to establish a breach of contract claim, a Plaintiff must allege sufficient facts for the following elements: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc., 247 F. App'x 403, 405 (3d Cir. 2007). Further, in Pennsylvania, "an action on a contract cannot be maintained against a person who is not a party to the contract[.]" Commonwealth of PA. v. Quandel, 137 Pa.Cmwlth. 252, 585 A.2d 1136, 1140 (1991).

Plaintiff JJF alleges that Bimbo assumed all the legal duties under the Agreement and has failed to comply with the material terms of the Agreement. Additionally, Plaintiff alleges that he has suffered damages in the form of lost good will and lost profits as a result of Bimbo's breach. The Court finds that Plaintiff has not sufficiently alleged facts to establish which specific Defendant is the proper party to the Agreement. Further, Plaintiff has not sufficiently pleaded facts to establish the specific terms of the Agreement Defendants have breached. Therefore, the Court grants Defendants' motion to dismiss in regards to Plaintiff JJF's breach of contract claim, with leave to amend.

### iii. Illinois

Plaintiff MD's Agreement is governed by Illinois law. See # 19 Ex. D at § 12.9. "Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." Reger Development, LLC v. Nat'l City Bank, 592 F.3d 759, 764 (7th Cir. 2010). Additionally, just like Missouri and

Pennsylvania, Plaintiff must allege facts as to who is party to the agreement, because a claim for breach of contract cannot exist between non-parties to the contract. Northbound Grp., Inc. v. Norvax, Inc., 795 F.3d 647, 651 (7th Cir. 2015).

Plaintiff MD alleged facts to establish that he has performed his duties under the agreement and that he has suffered monetary damage as a result of Bimbo's breach. However, Plaintiff has not alleged facts to establish which specific Defendant is party to the Agreement. Therefore, the Court grants Defendants' motion to dismiss in regards to Plaintiff MD's breach of contract claim, with leave to amend.

### iv.  Individual Plaintiffs

Missouri, Pennsylvania, and Illinois law all preclude breach of contract claims between non-parties to contracts. See supra. Thus, the Court grants Defendants' motion to dismiss with regards to individual Plaintiffs Bell, Turner, Mendoza, Austin, and Rescillas, without leave to amend.[1]

### B.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants also move to dismiss Plaintiffs' breach of the implied covenant of good faith and fair dealing claims on the grounds that Plaintiffs did not plead sufficient facts to state a claim under Missouri law. Additionally, Defendants move to dismiss the good faith claims under Pennsylvania and Illinois law on the grounds that those states do not recognize breach of good faith claims independent of breach of contract claims.

### i.  Missouri

Under Missouri law, Plaintiffs must allege facts to show that Defendants used the "express contract terms in such a way as to evade the spirit of the transaction or to deny

---

[1] The Court notes that Andrews Distribution Company (ADC), a party to one of the Agreements, is not a named Plaintiff in this action. Therefore, under the current complaint, ADC cannot recover under any claim. Additionally, ADC would be subject to Missouri law under the Agreement if ADC were added to the complaint.

[Plaintiff] an expected contract benefit." <u>Koger v. Hartford Life Ins. Co.</u>, 28 S.W.3d 405, 412 (Mo. App. 2000). Further, "[a]n implied covenant will not ... be imposed where the parties expressly address the matter at issue in their contract." <u>State v. Nationwide Life Ins. Co.</u>, 340 S.W.3d 161, 194 (Mo.App.W.D.2011).

Plaintiffs allege that Bimbo has disparaged Plaintiffs and interfered with Plaintiffs' relationships with stores. Plaintiffs also allege that Bimbo has unreasonably inflated the price of Sara Lee bread to nearly two times that of Bimbo-branded bread without respect to cost. Further, Plaintiffs allege that Bimbo has deliberately refused to advertise for Sara Lee bread and has withheld sales prices for Sara Lee bread, unreasonably disadvantaging Plaintiffs. The Court finds that Plaintiffs have sufficiently alleged facts to state a claim for breach of good faith and fair dealing. However, because Plaintiffs have not specified which specific Defendant is party to the contract and therefore breached the implied covenant of good faith and fair dealing, this Court grants Defendants' motion to dismiss in regards to Plaintiff Bellion and Plaintiff JLTD's breach of good faith and fair dealing claims, with leave to amend.

### ii. Pennsylvania

Every contract in Pennsylvania has an implied term of good faith and fair dealing. <u>Northview Motors, Inc. v. Chrysler Motors Corp.</u>, 227 F.3d 78, 91 (3d Cir. 2000). However, Pennsylvania law does not recognize a separate cause of action for breach of good faith and fair dealing, distinct from a breach of contract claim; rather the covenant simply implies obligations into the contract itself. <u>Cummings v. Allstate Ins. Co.</u>, 832 F. Supp.2d 469, 473 (E.D. Pa. 2011) (citing <u>JHE, Inc. v. Se. Pennsylvania Transp. Auth.</u>, No. 1790 NOV. TERM 2001, 2002 WL 1018941, at *5 (Pa. Com. Pl. May 17, 2002)).

Therefore, Plaintiff JJF has not stated a claim under Pennsylvania law, and the Court grants Defendants' motion to dismiss Plaintiff JJF's breach of good faith and fair dealing claim,

without leave to amend.

### iii. Illinois

Similar to Pennsylvania, every contract in Illinois includes an implied covenant of good faith and fair dealing. Martindell v. Lake Shore Nat'l Bank, 15 Ill.2d 272, 286, 154 N.E.2d 683, 690 (1958). However, similar to Pennsylvania, Illinois does not recognize a separate cause of action for breach of good faith and fair dealing, except in the context of "an insurer's obligation to settle with a third party who has sued the policy holder." Voyles v. Sandia Mortgage Corp., 196 Ill.2d 288, 296, 751 N.E.2d 1126, 1131 (2001). Such an exception is not present in this case.

Thus, the Court finds that Plaintiff MD has not stated a claim upon which relief may be granted, and grants Defendants' motion to dismiss Plaintiff MD's claim for breach of the implied covenant of good faith and fair dealing, without leave to amend.

### iv. Individual Plaintiffs

Similar to breach of contract claims, non-parties to a contract cannot recover under a breach of the implied covenant of good faith and fair dealing. Therefore, the Court grants Defendants' motion to dismiss in regards to Individual Plaintiffs' breach of good faith and fair dealing claims, without leave to amend.

### C. Fair Labor Standards Act

Defendants have also moved to dismiss Plaintiffs' violation of the Fair Labor Standards Act (FLSA) claim. Defendants argue that Plaintiffs have not alleged sufficient facts to sustain an FLSA claim, and that Plaintiffs have merely recited the FLSA's elements. In order to survive a motion to dismiss, Plaintiffs must "allege that [they] worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 644-645 (9th Cir. 2014). A plausible claim might include estimations regarding the length of the average workweek, the average rate of pay

and the amount of overtime wages owed during the alleged period. Id. at 645. The Ninth Circuit has also provided a test to determine whether Plaintiffs are properly considered independent contractors or should be considered employees. The court stated:

> In determining whether one who performs services for another is an employee or an independent contractor, *the most important factor is the right to control the manner and means of accomplishing the result desired.* If the employer has the authority to exercise complete control, whether or not that right is exercised with respect to all details, an employer-employee relationship exists....
>
> Other factors to be taken into consideration are (a) whether or not the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

In re Brown, 743 F.2d 664, 667 (9th Cir. 1984) (emphasis in original).

Here, Plaintiffs pleaded many facts to show that Defendants have exercised control over Plaintiffs' operations, including; when and where to pick up their loads, what to order, the specific equipment Plaintiffs can and cannot use, etc. See Compl. ¶ 71-92, 140-150. The Court determines that Plaintiffs pleaded sufficient facts at this stage to allege an employer-employee relationship with Defendants. However, Plaintiffs have not alleged which specific Defendant is responsible to Plaintiffs as their employer. Further, inasmuch as Plaintiffs seek to recover under the FLSA maximum hours provision, 29 U.S.C. § 207(a)(1) (requiring overtime pay), the Court finds that Plaintiffs have not alleged sufficient facts to raise their claim above a mere recitation of the FLSA elements. See Landers, 771 F.3d at 645. For the above reasons, the Court grants Defendants' motion to dismiss in regards to Individual Plaintiffs' violation of FLSA claims, with leave to amend.

Additionally, the FLSA precludes non-persons from recovering under a violation claim. 29 U.S.C. § 202(a). Thus, the Court grants Defendants' motion to dismiss in regards to Corporate Plaintiffs' FLSA claims, without leave to amend.

### D.  Negligence

Defendants move to dismiss Plaintiffs' negligence claims on the grounds that Plaintiffs have not sufficiently alleged facts to show that Defendants had a duty to stack bread a certain height in their warehouse. "In order to prevail on a traditional negligence theory, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." DeBoer v. Sr. Bridges of Sparks Fam. Hosp., 128 Nev. Adv. Op. 38 (2012).

Plaintiffs allege that Defendants owe them a duty of care and safety at Defendants' warehouse, because Plaintiffs are "invitees on the premises of the [D]efendants." Compl. ¶ 156. Plaintiffs further allege that Defendants breached that duty by improperly stacking products, which caused physical injury to Plaintiffs' backs and necks. The Court finds that while Plaintiffs may have alleged sufficient facts to assert negligence, Plaintiffs have failed to identify which Defendant has the duty of care to the Plaintiffs. In other words, Plaintiffs have not alleged which specific Defendant owns and operates the warehouse. Therefore, the Court grants Defendants' motion to dismiss in relation to Individual Plaintiffs' negligence claims, with leave to amend.

### E.  Unjust Enrichment

Defendants also move to dismiss Plaintiffs' Unjust enrichment claims. "Unjust enrichment is a quasi-contractual claim applicable when no actual contract exists between the parties." Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC, 86 F. Supp.3d 1130 (D. Nev. 2015). Plaintiffs must state facts to demonstrate "the unjust retention of a benefit to the loss of

another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." <u>Asphalt Prods. Corp. v. All Star Ready Mix, Inc</u>., 111 Nev. 799, 802 (1995).

Here, Plaintiffs have alleged facts that Defendants have unfairly privileged their own products which have unjustly disadvantaged Plaintiffs. However, Nevada law precludes unjust enrichment claims when an express contract exists between parties. <u>Meritage Homes</u>, 86 F. Supp.3d at 1146. Thus, the Court grants the Defendants' motion to dismiss in regards to Plaintiffs' unjust enrichment claims, without leave to amend.

### IV.   Plaintiffs' Supplement to Opposition

The Court has considered Plaintiffs' supplement to opposition. (# 40). While the Court notes that Plaintiffs' exhibits may indicate that one or more of Defendants is party to the Agreements, Plaintiffs must amend their complaint to state which Defendant breached which portions of the Agreements.

### V.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (# 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within fourteen days of the entry of this order if they wish to correct the deficiencies of the complaint.

DATED this 22nd day of June 2016.

Kent J. Dawson
United States District Judge

11